IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DAY, as Personal Representative
Of the Wrongful Death Estate of VERONICA
AYLWORTH, ROBERT AYLWORTH,
Individually, and PAMELA AYLWORTH,
Individually,

        Plaintiffs,        Case No. 1:22-cv-00163-DHU-SMV

v.

FCA US LLC,

        Defendant.

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties, the Court hereby ORDERS as follows:

IT IS ORDERED that the following provisions and conditions shall govern the parties:

1. This Protective Order shall control the disclosure and dissemination of documents and information. Any party to this case or any producing non-party, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that contains:

    a) trade secrets, competitively sensitive, research, development, proprietary, technical, marketing, financial, sales or other confidential business information;

    b) private or confidential personal information;

    c) information received in confidence from third parties; or

    d) a portion of a party's response or producing non-party's response that contains trade secret or other confidential, research, development or commercial information, or

information otherwise considered confidential under applicable law by marking the material, in a manner that will not interfere with its legibility.

2. The material will be marked "This document is subject to a Protective Order in "*Aylworth v. FCA US LLC*."

3. In any deposition, if the deponent's testimony is deemed confidential, a party will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

4. Any confidential information that a party or producing non-party provides to another party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

5. Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

6. Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

7. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

8. Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A, certifying that the recipient will not disclose confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for that party and furnished to counsel for the producing party or producing non-party upon the conclusion of this litigation.

9. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

10. Any confidential information filed with the Court shall be marked "Confidential" and filed under seal under applicable court rules, and shall be available for inspection only by the Court and by persons authorized by this Protective Order to receive such confidential information.

11. Information designated as "Confidential" may be referred to by a party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court.

12. If, at the time of trial, a party intends to introduce into evidence any information designated as Confidential, that party shall give timely notice of such intention to the Court and counsel for the producing party or producing non-party may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. Subject to the rules of the Court, timely notice with respect to confidential information intended to be used on cross-examination of a witness shall not be required until after direct examination of that witness is complete. The party claiming information is confidential shall have the burden of proving that confidentiality.

13. After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by a party or producing non-party and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order.

14. If not returned at the conclusion of this action, any recipient or the party receiving Confidential documents must destroy the Confidential documents and shall submit verification of destruction to counsel for the producing party or producing non-party. If not destroyed, all documents and copies of documents designated as Confidential shall be returned to the producing party or producing non-party at the conclusion of this action. This paragraph shall require the return or destruction of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

15. The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

16. In the event that a party disagrees with the producing party's or producing non-party's designation of any item as Confidential and subject to this Protective Order, the party shall send a written notice to the producing party or producing non-party specifying the items in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

While the receiving party, while following the requirements in this Protective Order, may disclose to the individuals listed in Paragraph 4 the confidential information it has received, neither plaintiff(s) nor defendant(s) or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

**IT IS SO ORDERED**.

Date: May 27, 2022

STEPHAN M. VIDMAR
United States Magistrate Judge

Submitted by:

MONTGOMERY & ANDREWS, P.A.

By:     /s/  Kaleb W. Brooks
        Randy S. Bartell
        Kaleb W. Brooks
325 Paseo de Peralta (87501)
P.O. Box 2307
Santa Fe, NM 87504-2307
Telephone: (505) 986-2637
Email: rbartell@montand.com
Email: kwbrooks@montand.com


BUSH SEYFERTH PLLC

By:     /s/ Bishop A. Bartoni
        Bishop A. Bartoni (Pro Hac Vice)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone: (248) 822-7800
Email: bartoni@bsplaw.com

*Attorneys for Defendant FCA US LLC*



Stipulated to:

DURHAM, PITTARD & SPALDING, LLP

By:     *approved by Justin Kaufman via email on 5/03/2022*
        Justin R. Kaufman
505 Cerrillos Road
Suite A209
Santa Fe, NM 87501
Telephone:  (505) 986-0600
Email:  jkaufman@dpslawgroup.com



THE TRACY FIRM

E. Todd Tracy
4801 Bengal Street

Dallas, TX 75235  
Telephone: (214) 324-9000  
Fax: (972) 387-2205  
Email: ttracy@vehiclesafetyfirm.com

*Attorneys for Plaintiffs*

## EXHIBIT "A"

## WRITTEN ASSURANCE

  I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 20\_\_, in *AYLWORTH v. FCA US LLC* that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the Court and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____

Subscribed and sworn to before me this _____ day of _____, 20\_\_.

_____
NOTARY PUBLIC